Good morning. Good morning. May it please the court, my name is Ronald Tim. I'm representing the appellant Sam Saber. As your honors probably realize from reading the briefs, the issues here are very simple, the facts are very straightforward. Basically all I want to add is that the complaint omitted certain allegations due to my error as the scrivener. In response to a motion to dismiss, I filed an opposition informing the court that I had omitted those allegations, that I would be able to amend the complaint to insert those allegations, but the district court still dismissed that claim based on the amendment. Correctly, counsel, in both with respect to the dual tracking and the 2923.7, the district court said with respect to your First Amendment complaint, counsel, you got this wrong. You got to do this, this, this, this, this, and this, or you're in trouble. You didn't do that. The court felt you had really made no substantial change, and so in this case dismissed it with prejudice. That happens all the time, doesn't it, when the district court's giving you an opportunity. If you've never given you an opportunity to amend, I get it, but in this case he did. He or she, I've forgotten whether this is the agenda of the district judge, but isn't that what happened here? Not exactly, your honor. Basically, I did make the changes in the new complaint, and the court found those changes to be adequate. Only the changes I made were with respect to a loan modification application that was submitted on April 22nd. The court said at ER 6 and ER 66 through 67 that the changes that you made said that the district did not feel that you had made any substantial modifications, certainly not to the degree that the court had requested you to make. Well, the court, when it was making those statements, was referring to the allegations with respect to the January 2013 loan application. The court, you know, basically indicated that the changes that had been made with respect to the April 22nd, 2013 loan modification application were sufficient and did adequately allege a change in financial circumstances. I just didn't make that change with respect to the January modification application, which was critical. So you had the opportunity to make the change, though, with regard to the January application as well, and you didn't do that. Due to my error, and again, the test... So it isn't the argument of the court didn't give me a chance and, in fact, told you exactly what was wrong with it. It's that when I refiled the application or the complaint, I forgot to, or due to an oversight, I didn't fix the January application, the allegations with regard to the January application. Is that your argument? Well, my recollection is that the court said you need to have more specificity on how you showed a change in financial conditions. It didn't specify you've got to do it to this loan. And did you make additional allegations with regard to the January application? No, I made them with respect to the April. I So given that you didn't make additional allegations with regard to the January application, having had the opportunity to previously amend, why is it an abuse of discretion to deny you yet another opportunity to correct it? Well, I think because the tenor with regard to amendments to the complaint is that the party should not be penalized for the poor draftsmanship of the attorney and that the test is whether it's clear that the complaint could not be saved by any amendment. I'm saying it can be saved by this amendment. I'm, you know, basically throwing myself at the mercy saying I screwed up. I should have made it with respect to the January 2013 complaint. Please give me this opportunity. But it is a discretionary call by the trial judge. So why should we, um, on the circuit say that that was an abuse of discretion? What authority do you have to support that? Well, because, uh, I mean, you can throw yourself in the mercy of the district court. He said no. The court cases basically say it is an abuse of discretion. Uh, if you can show that the complaint could have been saved by an amendment. Um, so, you know, the fact that I didn't do it the first time isn't really the critical factor. The critical factor is that if I show the court this is specifically how I will amend it to correct the court's concern that is the fertility of amendment is only one factor. Um, and this is a second time you actually you amended it twice. This is the second amended complaint we're talking about here, right? Uh, yes, Your Honor. So it isn't just one time. It's two times. The, uh, you know, you made the change the first time. And from what I understand, the judge also encouraged you to do certain things at that point, gave you some rather specific instructions, and then you did it again. So I empathize with you. I really do. But as my colleague has suggested, we have what we refer to as a standard of review. We're reviewing the work of a district judge. We don't reverse district judges unless in this case he has abused his discretion. And after having given you two chances to amend the second one with significant specific instructions as to what you needed to do, aren't our hands tied? My recollection was that the first time it was amended was without direction from the court. It was basically very well. But at least, you know, I'm sure you're a smart guy. You had an opportunity to amend it. You knew what the opposition had said as to why they didn't think you stated a cause of action. You could have gone through that and said, okay, this is what I need to clarify. And I tried to clarify it. The court then intervened and said, you need to specifically say what documents you submitted to show a change in financial circumstances. I added those documents. I just neglected to do it with respect to the January 2013 as opposed to the April. I would posit that being on a outrageous amount of tries, I did satisfy the court's concern about documenting. At what point does it become outrageous? The third, the fourth, the fifth? I mean, because the Ninth Circuit rules it governs a big, broad spectrum as opposed to this particular case. Right. Well, I think, you know, how far down the road it's a slippery slope. But second, you know, I don't think you can say that that is an outrageous amount. And I did try in good faith to meet the court's concerns. The court did say, you did adequately now say it, but you didn't say it with respect to this one. And all I'm asking is the opportunity to do that. Did you make the same arguments to the district court? Yes. Basically throwing yourself on the mercy of the court and saying, hey, I'm really sorry, Your Honor. I did my best and I'll really try harder. Did you do that? Yes. And the district court said no? Yes. And did the district court say why? I do not recall if they said specifically why. They just, the court just basically dismissed with prejudice. Any other questions? Thank you. Thank you very much. Good morning, Your Honor. May it please the court. Bentley Stansberg on behalf of JPMorgan Chase Bank. As is evident in the record, this is a, this matter concerns a $3 million loan on a house on the Newport coast. There has not been a payment since 2009, and the reason for that is because there have been actually been eight opportunities to plead a claim against Chase. Not, this is not just a second admitted complaint. Prior litigation was filed in the Superior Court in Orange County. On one occasion was dismissed prior to the court's hearing on the second amended complaint. Another case was then filed before the foreclosure could proceed. A voluntary dismissal was filed before the hearing on the first amended complaint in that matter. Let me, let me, let me interrupt and focus you on an issue, and this is the second cause of action, the 2923.7. And the argument is that Mr. Sabre calls the bank, nobody responds. How is that not a material violation of the statute? Is it the statute designed to give information to consumers like this? Your Honor, I think the district court's ruling in this case is predicated on the specific facts in this case, and when I say that, what I mean is there was not just a, it was, this was not a borrower who was calling in, trying to find a foreclosure prevention, foreclosure alternative, was given no default, was recorded in that interim. That's how it's pled in the complaint, and at the stage of dismissal, we have to assume facts well pled in the complaint are true. If Baltwombly says we just look to see if this is a plausible claim as alleged. And that is what the cause of action alleges, but if you look at the factual context of the complaint, what becomes evident, and I think what the district court ultimately relied on, is that the borrower in this case was in fact dealing with Chase with respect to foreclosure prevention alternatives. The borrower sent in a request for a loan modification, a response was provided to the borrower saying we need further documents. The borrower provided the further documents, at which point the borrower pleads that his application was complete. So I think that what the district court was getting at is, the borrower is pursuing foreclosure prevention alternatives, which is that the January 1, 2013 date makes a difference in whether or not the bank can pursue a dual approach on this. In other words, it can deal with the borrower in accordance with the statute, but it can also proceed with the foreclosure. Is that right? That's what the law prevents. That's correct, your honor. The Homeowners Bill of Rights, which is 2923.6 and 2923.7, was that a borrower has applied for a loan modification prior to the enactment of the statute, which Mr. Saber had, then the provisions aren't inapplicable, unless the borrower can plead a material change in financial circumstances. He didn't do that, right? That's correct. That's the problem. That's correct, your honor. Going back to the question I asked you, though, on the first cause of action, you're saying there is some factual allegation about a second cause of action really focuses on 2923.7 and this, you know, single point that the bank's got to have somebody to be able to respond to questions. And the allegation is there. I called, nobody responded. And so there's nothing that I see in the complaint, unless I've missed it, that says that the bank provided information about alternatives to foreclosure modification. Well, your honor, the complaint does allege that he applied for a loan modification. That is a foreclosure prevention alternative. That's sufficient. If I simply apply for a loan modification, that satisfies the statute regarding a point of contact to give me loan alternatives. I think what's missing from the complaint, your honor, in this case, is allegations. I attempted to contact Chase regarding what other options were available. There's no, there's nothing to suggest, other than the language of the statute. Well, he says in paragraph 21 of the Second Amendment complaint, on these dates, I wrote to defendant Chase Bank, requested information. There has been no one at defendant Chase who has, and then talks about the elements of the statute. But if no one responds, and don't, and nobody provides him with those alternatives, how is he supposed to plead it? How is he, what can he put in the, what could he put in the complaint if no one responds to him? And again, your honor, I just want to go back to the facts of this complaint. He is pleading that no one responds, but he is getting a response from the plaintiff. He has pled that Chase has sent him a letter back saying, we need further information in connection with your foreclosure prevention alternative. With the modification. The modification. Not with regard to short sale or anything else. To, correct, and hypothetically speaking, to plead, I could have, I would have pursued a short sale if Chase had given me this alternative. Now, I would point out that that's contradictory to pursuing a loan modification. A loan modification assumes that the borrower is going to retain the property, whereas a short sale presumes the borrower is going to liquidate the property. So, they are mutually exclusive. So, I think that the district court was basing its ruling on the factual context of the complaint here. It seems to, I'm sorry. No, no, please. It just, it seems to join the two issues that if you call for a loan modification, that's all you have to do and that satisfies and we respond to you about a loan modification, that satisfies the statute and we don't have to talk about any other alternatives to foreclosure because we're giving you information on how to modify your loan. We don't have to talk about short sale. We don't have to give you any of the other information listed in the statute. Is that the, is that the position or am I oversimplifying it? I think you're, I think your honor, perhaps it's a deficiency in what's alleged. There needs to, I think the district court probably was finding there needs to be more facts here as to why your efforts were frustrated. What is material in the violation? Which goes back to my question, if the bank doesn't respond and talk about that, what facts can they plead? If the bank does not respond. If it's truly an unknowing neophyte consumer who doesn't know what short sale means, who doesn't know all the other alternatives and the statute is designed to protect that person and the bank is designed to give them that information, how is the plaintiff supposed to plead this is a material problem? I would suspect, your honor, that the efforts to contact Chase, what it was that the borrower was seeking to do, whether it be efforts to pursue a short sale, efforts to pursue a loan modification, I would expect that's what the district court would be looking for. Can you help me just procedurally what happened here? How many opportunities did the plaintiff have to amend the complaint here? Well, your honor, there were nine complaints filed against JPMorgan Chase Bank. I mean in this court. In this court, there was a third amended complaint later filed as to the 17200 action. At this point in time, this was the third amended complaint. The district court had specifically advised counsel this is what needs to be pled with respect to the 2923.6 and the 2923.7 violations. So the district court, like in the previous case, had said this is what you need to do to straighten this out and it didn't happen, right? That's correct, your honor. And if I understood your comment as well, you're saying that while it's true that we take a complaint, a well-pledged complaint, as being true for purposes of 12B6, that as part of the complaint itself that the plaintiff noted a response from Chase asking for additional information. Is that right? That's correct, your honor. But kind of internally inconsistent. On the one hand, they say nobody responded. The other hand, they say they asked for more information. That's correct, your honor. And I would point out that in addition to its futility, as the court has already alluded to, repeated failure is specifically a grounds that this court finds as a reason to dismiss an amended complaint. Is this the last case in the hopper? Are there other state court complaints floating around? With respect to this borrower? With respect to this borrower and this particular property. The foreclosure is successfully on hold at this point, your Is there a stay in place or what? No, your honor. This is just Chase's own internal approach while this is proceeding, right? Yes, your honor. Okay. Other questions? No, your honor. Very well. Thank you very much. Now, I think we've used up time. We'll give you a minute if you want it, counsel. Okay. I just wanted to pick up on what your honor indicated, which is it's not internally inconsistent in that the whole purpose, stated purpose of the California Homeowner Bill of Rights is to make sure that homeowners are made aware of all foreclosure alternatives, avoidance alternatives. And so is it your perspective that the bank in this case had an obligation to, in writing, indicate to the borrower each and every possibility for rehabilitation that might exist? I would say that the statute basically indicates that if somebody contacts the bank and basically indicates that they're interested in pursuing loan foreclosure avoidance alternatives, that the bank is to appoint one person who can basically provide all that information and will provide all that information. The fact that the borrower out of ignorance just did a loan modification doesn't mean he wouldn't have been interested in a short sale or some other alternative. Is there any case law that suggests that there's an affirmative obligation, for example, on behalf of a bank to discuss short sales, for example? I believe that 2923.7 and the express... That mentions short sales? It mentions basically that they're to make the borrower aware of all foreclosure alternatives, and I believe the statute defines foreclosure alternatives as including short sales. All right. Thank you very much. Thank you to everyone. The case just argued is submitted and the
judges: M. Smith, Nguyen, Gordon